IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

---------------------------------------------------X
GRIMALDI DEEPSEA SpA

                Plaintiff

              vs.                  **Civil Action No.: 22-cv-1343**

GABRIEL BUSILLO, PORTS AMERICA
CHESAPEAKE, LLC and PORTS AMERICA
BALTIMORE INC.

                Defendants
---------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF
## AND BREACH OF CONTRACT

Plaintiff, GRIMALDI DEEPSEA SpA, by their attorneys, Charles L. Simmons, James R. Jeffcoat, and Whiteford Taylor & Preston LLP, sets forth and alleges to this Court upon information and belief as follows:

Plaintiff seeks a Declaratory Judgment against all Defendants pursuant to 28 U.S.C. §2201 (a) and Federal Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears, and seeks a claim for breach of contract as against Defendants Ports America Chesapeake LLC and Ports America Baltimore, Inc.

## PARTIES

1. At and during all times hereinafter mentioned, Plaintiff, Grimaldi Deepsea SpA ("Grimaldi") was and still is a corporation organized and existing under and by virtue of the laws of the Republic of Italy with a principal place of business located at Via M. Campodisola 13, 80133 Napoli, Italy, and is engaged, amongst other things, in the business of an ocean carrier for

transport of goods by sea, and was and is the owner, charterer and/or operator of Ro-Ro (roll on-roll off) vessels for the transport of said goods, including to and from the United States. Grimaldi was and is the owner and operator of the vessel *m/v Grande Congo*, and employed the crew aboard said vessel. The vessel *m/v Grande Congo* carries the flag of the Republic of Italy. The flag state of a merchant vessel is the jurisdiction under whose laws the vessel is registered or licensed, and is deemed the nationality of the vessel.

2. Plaintiff brings this action on their own behalf and as agents and trustees on behalf of and for the interest of all parties who may be or become interested in the occurrence subject to this lawsuit, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

3. At and during all times hereinafter mentioned, Defendant GABRIEL BUSILLO ("Busillo"), is an Italian Citizen and resides in Italy. Busillo was and at all times hereinafter mentioned employed by Grimaldi as a crewmember on Grimaldi's vessels, including the vessel *m/v Grande Congo.*

4. At and during all times hereinafter mentioned, Defendant PORTS AMERICA CHESAPEAKE, LLC ("Ports America"), is a limited liability company or other business entity organized and existing under and by virtue of the laws of the State of Delaware, and registered to do business in the State of Maryland. Ports America maintained a principal place of business in Maryland at 2200 Broening Hwy Baltimore, MD 21224, and at all times hereinafter mentioned was engaged in business of operating marine terminals in the State of Maryland, including Dundalk Marine Terminal in Baltimore, Maryland. As part of its business operations Ports America provided shipowners and vessels with stevedoring services that included the loading and unloading of cargo on such vessels at various terminals.

2

5. At and during all times hereinafter mentioned, Defendant PORTS AMERICA BALTIMORE INC. ("Ports America Baltimore"), is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Maryland, maintained a principal place of business located at 2200 Broening Hwy Baltimore, MD 21224, and at all times hereinafter mentioned was engaged in business of operating marine terminals in the State of Maryland, including Dundalk Marine Terminal in Baltimore, Maryland. As part of its business operations Ports America Baltimore provided shipowners and vessels with stevedoring services that included the loading securing and unloading of cargo on such vessels at various terminals.

## SUBJECT MATTER AND PERSONAL JURISDICTION

6. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

7. The Court also has personal jurisdiction as to Ports America and Ports America Baltimore pursuant to clause 21 of the applicable "Stevedore and Terminal Service Agreement" (hereinafter "Service Agreement") entered into on August 1, 2007, a confidential agreement, which provides that the parties agree that any lawsuits between the parties shall be brought in either the Federal or State Courts in the State of Maryland.

8. Venue is also appropriate in Maryland because the subject occurrence giving rise to this action occurred at the Dundalk Marine Terminal at the Port of Baltimore located in the State of Maryland.

## FACTS

9. On or about August 1, 2007 Ports America and Grimaldi entered into a Stevedoring and Terminal Service Agreement. ("The Agreement"), in which Ports America was

to provide labor and materials, including vehicles known as "mafi's and tractors", so as to load and unload cargo aboard Grimaldi vessels, including the *m/v Grande Congo,* at the Dundalk Marine terminal in the port of Baltimore, Maryland.

10. Various amendments to the Agreement were executed between the parties between May 17, 2011 and December 28, 2018. Such amendments clarified amongst other things that Ports America and Grimaldi were the direct parties to the Agreement.

11. On or about December 1, 2012, The Agreement was assigned by Ports America Baltimore to Ports America.

12. Ports America and Ports America Baltimore hold themselves out to be professional stevedores who are experts in the services that they provide, including the loading and securing of mafis.

13. Under the terms of the Agreement, and the custom of the industry, Grimaldi has a duty to inspect the areas aboard its vessels for unsafe conditions before Ports America stevedores begin their services. Grimaldi in fact did so in respect to the subject occurrence. Once the area aboard the vessel to be controlled by Ports America was inspected by both Grimladi and thereafter confirmed safe by Ports America, Ports America employees begin to provide loading and unloading services of cargo on mafis, and the areas aboard the vessel in which the stevedores work remains under the control and supervision of Ports America.

14. Grimaldi and Defendant, Gabriel Busillo ("Busillo"), are both citizens of the Republic of Italy. The two parties entered into an employment contract on April 15, 2021. (See Exhibit A). Busillo had received training in seamanship at Giovanni 23, a nautical/maritime secondary school in Italy, and thereafter sailed aboard Italian flag ocean going cargo vessels

prior to being hired by Grimaldi in the capacity of Third Officer for the vessel m/v Grande Congo. The vessel *m/v Grande Congo* flies the flag of the Republic of Italy.

15. The employment contract between Grimaldi and Busillo, which was signed in Italy, specifically called for Italian law to apply to all provisions and terms of the agreement. Furthermore, the employment contract specifically incorporates the Italian law known as CCNL, dated 16 December 2020, Section 1, attachment 19, which contains provisions that control all claims by Italian seaman against Italian employers regarding injuries suffered on board Italian vessels.

16. On May 17, 2021, at approximately 8:30 pm., Busillo was severely injured as a result of being hit by an unsecured mafi during loading operations on the vessel *m/v Grande Congo* at the Dundalk Marine Terminal in the port of Baltimore in an area under the supervision and control of Ports America. At the time of the accident, Busillo was observing Ports America's stevedores driving mafis aboard the ship using Ports America tractors. While Busillo was inspecting one of the mafi that had already been loaded and secured by Ports America aboard the ship, a second mafi, which Ports America had driven on the ship and left on the ship's steel ramp without securing the unit, slipped on the ramp and slid into Mr. Busillo causing his injuries.

17. Busillo was subsequently taken by ambulance to the hospital and underwent medical care including the amputation of his leg. After receiving treatment for a period of time at the local hospital he was flown home to Italy by Grimaldi, where he has continued to undergo treatment and therapy under the health system provided by the Italian government.

18. As a consequence of his accident and injury, the Captain of the *m/v Grande Congo* filled out Personal injury Casualty Addendum for the U.S. Coast Guard which summarizes the incident. (see Exhibit B)

19. Mr. Busillo provided a signed statement which was requested by the US Coast Guard concerning the circumstances of his accident and how it happened. A copy of his statement to the US Coast Guard concerning the circumstances of his accident and injuries is attached as Exhibit C.

20. Busillo has engaged counsel in both Italy and the United States to pursue recovery of damages concerning his accident aboard the Italian flag vessel at the port of Baltimore.

21. Grimaldi has incurred significant expenses as a consequence of the injury to Busillo, which Grimaldi contends is the sole fault and responsibility of Ports America. Those expenses, including medical treatment, repatriation, therapy, and other damages, are now estimated to total at least $1,050,000.00.

## I. DECLARATORY JUDGMENT AS AGAINST DEFENDANT GABRIEL BUSILLO

As a consequence of the above facts, Grimaldi hereby seeks a Declaratory Judgement from this Honorable Court as to the following facts which are determinative to the outcome of any future litigation between Busillo and Grimaldi.

22. Grimaldi seeks a Declaratory Judgment from this Honorable Court confirming that the employment contract between Busillo and Grimaldi is bound by the laws of the Republic of Italy, which includes the issues of contributory negligence and damages. Moreover, the Constitution of the Republic of Italy requires that all citizens be treated equally, and that includes the compensation that it recovers as a result of injuries sustained under an employment contract between citizens of Italy and which is controlled by the laws of Italy. See Declaration of Italian lawyer, Giuseppe De Santo, attached hereto as Exhibit D.

23. Grimaldi seeks a Declaratory Judgment from this Honorable Court that holds Busillo's damages can be reduced under Italian law to take into account his own actions that ignored his safety and contributed to his injuries.

24. Grimaldi further seeks a Declaratory Judgment from this Honorable Court that holds "Even considering all potential pecuniary damages as proven, the overall amount would remain below US $2,200,000 based upon current exchange rates". *See* Exhibit D

25. In addition, Grimaldi seeks a Declaratory Judgment from this Honorable Court holding that the damages of Busillo which are attributed to Grimaldi, if any, should be assessed by the courts of Italy as prescribed by Italian law, and not by a jury in the United States.

26. Lastly, Grimaldi seeks a Declaratory Judgment from this Honorable Court holding that the damages of Busillo attributed, if any, to Grimaldi cannot include separate damages for pain and suffering as provided under US law, as those damages are built into the schedule of personal injury compensation as applied by Italian law.

## II. DECLARATORY JUDGMENT AS AGAINST DEFENDANTS PORTS AMERICA AND PORTS AMERICA BALTIMORE

27. Grimaldi seeks a Declaratory Judgement from this Honorable Court that any claim for indemnity or contribution by Ports America and/or Ports America Baltimore against Grimaldi is limited to the maximum damages that Busillo would be entitled to recover against Grimaldi under the laws of the Republic of Italy, as Ports America and/or Ports America Baltimore because by seeking indemnity or contribution Ports America and/or Ports America Baltimore is limited by the principle that it "stands in the shoes" of Busillo, and therefore cannot recover more than Busillo could have recovered himself in a claim against Grimaldi.

### III. CLAIM FOR BREACH OF CONTRACT AS AGAINST DEFENDANTS PORTS AMERICA AND PORTS AMERICA BALTIMORE

28. Plaintiff repeats and realleges all of the allegations set forth in the proceeding paragraphs of this pleading.

29. Ports America and/or Ports America Baltimore failed to secure and or brace a mafi after loading it aboard the *m/v Grande Congo* as set forth above, in breach of their obligations under the aforesaid terminal and stevedoring contract, and contrary to the custom of the Port.

30. The breach of contract by Ports America and/or Ports of America Baltimore were in violation of the covenants and warranties under maritime law owed by the Defendants to the Plaintiff.

31. As a consequence of the breach of contract by said Defendants, Plaintiff has been required to pay for the medical, repatriation and other expenses, costs or losses arising out of the subject accident which Plaintiff at this time estimates amount to at least $$1,050,000.00, and can continue to accrue. Those damages should be reimbursed to Plaintiff.

### IV. CLAIM FOR INDEMNITY AND CONTRIBUTION AS AGAINST DEFENDANTS PORTS AMERICA AND PORTS AMERICA BALTIMORE UNDER THE GENERAL MARITIME LAW OF THE UNITED STATES

32. Plaintiff repeats and realleges all of the allegations set forth in the proceeding paragraphs of this pleading.

33. To the extent that Plaintiff is found liable to Busillo, and only Italian law can control, any amount owed by Plaintiff to Busillo should be reduced or offset by the amount that Port America shall indemnify or contribute to Plaintiff for the expenses incurred by Plaintiff for the medical, repatriation and other expenses, costs or losses arising out of the subject accident.

**WHEREFORE**, Plaintiff prays:

(a)　For Declaratory Relief as set forth in detail above that Grimaldi's liability for damages for the injuries sustained by Busillo are governed by Italian law.

(b)　For Declaratory Relief that Grimaldi's liability, if any, for the personal injuries and losses suffered by Busillo is limited to a maximum of $2,200,000, based upon the most conservative interpretation of the laws of the Republic of Italy and its compensation tariffs.

(c)　That any adjudication of the amount of fault or monies owed by Grimaldi to Busillo should be determined by the courts of Italy under the laws of Italy.

(d)　For Declaratory relief as against Defendants Ports America and Ports America Baltimore that they cannot recover from Grimaldi in indemnity or contribution more than Grimaldi would be responsible to Busillo under the terms of his employment contract and the laws of the republic of Italy.

(e)　For a Judgment to be entered in favor of Grimaldi and against Ports America and/or Ports America Baltimore in an amount yet to be fully calculated, but in any event not less than $1,050,000.00 for the expenses, costs, losses and other damages incurred by Grimaldi as a consequence of its care and attendance to the Plaintiff after his injury.

(f)　For such other and further relief as to this Court may seem just, proper or equitable.

Dated: June 3, 2022

        Respectfully submitted

        Whiteford Taylor & Preston LLP

        By:     /s/
                Charles L. Simmons
                csimmons@wtplaw.com
                Seven St. Paul Street
                14th Floor
                Baltimore, Maryland 21202
                Telephone: (410) 347-9491
                Facsimile: (410) 234-2345
                *Attorneys for Plaintiffs*

*Pro Hac Vice* Petition to be Submitted for:
**Vincent M. DeOrchis**
vdeorchis@mmwr.com
437 Madison Avenue, 24th Floor
New York, NY 10022
(212) 201-1931