IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GRIMALDI DEEPSEA SpA | * | |
|    Plaintiff | * | |
| v. | * | Civil Action No:  22-CV-1343 |
| GABRIEL BUSILLO, et al. | * | |
|    Defendants | * | |

\*   \*   \*   \*   \*   \*       \*   \*   \*   \*   \*

**PORTS AMERICA CHESAPEAKE LLC'S MOTION TO STAY
<u>FEDERL COURT PROCEEDINGS</u>**

Defendant Ports America Chesapeake, LLC ("PAC"), by and through its attorneys, Alexander M. Giles and Whiteford, Taylor & Preston, hereby moves to stay the Federal Court proceedings in this case, and in support thereof states as follows:

1. On June 3, 2022, Plaintiff Grimaldi Deepsea, SpA ("Grimaldi") filed its Complaint Declaratory Judgment against Defendants Gabriel Busillo ("Busillo"), PAC, and Ports America Baltimore, Inc. ("PAB").

2. On July 8, 2022, Grimaldi and PAB mutually agreed upon certain Stipulations pertaining to PAB's lack of involvement with this matter, and, as a result, Grimaldi agreed to voluntarily dismiss PAB without prejudice from this federal court litigation.

3. On August 3, 2022, Busillo filed a motion to dismiss Count I of Grimaldi's Complaint for Declaratory Judgment.  After initially filing an Opposition to Busillo's motion to dismiss, Grimaldi subsequently agreed to voluntarily dismiss Count I of its Complaint for Declaratory Judgment, effectively dismissing Busillo from this federal court litigation.

4. Currently, the above-captioned litigation is only between Grimaldi and PAC, and Busillo will never be a party again to this litigation.

5. Shortly after the initial filing of this matter in federal court, Busillo filed its own Complaint against just PAC and PAB in the Circuit Court for Baltimore County, Case No. C-03-CV-22-002402, on June 17, 2022.

6. On October 7, 2022, PAB filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment as to Busillo's Complaint. In addition, PAB and PAC also filed a Joint Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment as to Count II of Busillo's Complaint (which alleged Breach of the Warranty of Workmanlike Performance).

7. Busillo filed Oppositions to PAB and PAC's two Motions, sought and was granted limited discovery on PAB's role in the May 2021 stevedoring operations, and as a result of that limited discovery Busillo eventually agreed to voluntarily dismiss PAB without prejudice from the state court litigation on April 21, 2023.

8. On May 12, 2023, PAC filed a Third-Party Complaint against Grimaldi Deepsea, SpA, in the state court litigation on the basis of the following causes of action: Breach of Contract, Unseaworthiness of Vessel, and Indemnification and/or Contribution.

9. On June 6, 2023, Busillo and PAC appeared before Judge Dennis Robinson for purposes of oral argument in furtherance of PAC's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment as to Count II of Busillo's Complaint. Subsequently, on July 11, 2023, Judge Robinson entered an order granting in part and denying in part PAC's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment as to Count II.

10. On June 29, 2023, Grimaldi entered its appearance in the state court litigation and filed a Motion to Dismiss PAC's Third-Party Complaint.

11.     On September 1, 2023, the parties appeared remotely before Judge Keith Truffer of the Circuit Court of Maryland for Baltimore County for a Scheduling Conference.  The case was specifically set before Judge Truffer and Scheduling Order deadlines were established, as well as a 15-day trial set for September 10-30, 2024.

12.     On September 12, 2023, Grimaldi and PAC appeared for a Motions Hearing before Judge Truffer for Grimaldi's Motoin to Dismiss PAC's Third-Party Complaint.  At the conclusion of the hearing, Judge Truffer denied Grimaldi's Motion to Dismiss on all grounds.

13.     Consequently, the three necessary parties (i.e., Plaintiff Gabriel Busillo, Defendant PAC, and Third-Party Defendant Grimaldi) are now moving forward in the State Court litigation with written discovery requests to be followed by fact depositions of the relevant individuals and entities in the coming months.

14.     While the pendency of an action in state court does not necessarily amount to a bar to proceedings regarding the same general matter pending in federal court, the *Colorado River* abstention doctrine does provide guidance to federal courts when a stay or dismissal of such proceedings may be in order due to pending considerations of "wise judicial admninstration."  *See, e.g. Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976); *see also Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1 (1983); *U.S. Equal Employment Opportunity Commission v. Phase 2 Investments, Inc.*, 333 F.Supp.3d 505, 513 (D.Md. 2018).

15.     The U.S. Supreme Court has set forth six factors to consider when determining whether the abstention of the federal court proceeding makes sense.  *See* 333 F.Supp.3d at 515.  One such consideration includes the desire to "avoid duplicative litigation" where the two proceedings are deemed to be "parallel."  *Id.* at 513.

16. Here, in this case, the deference to the State Court litigation makes sense for several reasons. First and foremost, while Grimaldi initially included Plaintiff Gabriel Busillo as a party to this federal court Declaratory Judgment action, it then, however, subsequently voluntarily dismissed Busillo from that action such that the only two remaining parties to this suit are Grimaldi and PAC. In addition, the causes of action to be considered by this Court are directly dependent upon the determinations and rulings that are rendered in the "parallel" state court litigation brought by Plaintiff Gabriel Busillo in the Circuit Court for Baltimore County, Case No. C-03-CV-22-002402.

17. In other words, this Court will only be able to act upon the competing Indemnification and/or Contribution claims alleged by Grimaldi against PAC and, in turn, by PAC against Grimaldi, once, and only once, the Plaintiff's claims in its state court proceeding are addressed by the court therein.

WHEREFORE, Ports America Chesapeake, LLC, respectfully requests that its foregoing Motion to Stay the Federal Court Proceedings is hereby granted, or that this Court grant such other and further relief as the justice of this cause may require.

          */s/ Alexander M. Giles*
Alexander M. Giles, Federal Bar No. 25474
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Telephone: (410) 347-8750
Facsimile: (410) 223-4309
agiles@whitefordlaw.com

*Attorneys for Defendants,*
*Ports America Chesapeake, LLC*

- 5 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of October, 2023, a copy of the foregoing Motion to Stay the Federal Court Proceedings was served via the Court's ECF system upon all counsel of record.

                                                                */s/ Alexander M. Giles*
                                                                Alexander M. Giles

*12944755*